UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>KARL SCHNEIDER,<br><br>                  Defendant. | Case No. 18-CR-24-1-JPS<br><br>**ORDER** |

**1.    BACKGROUND**

On July 12, 2021, Defendant filed a motion for compassionate release. (Docket #85). On July 16, 2021, the Court referred the matter to Federal Defender Services of Wisconsin, Inc. ("FDS") for FDS to determine whether it would assist Defendant. (Docket #86). FDS did not submit additional briefings on behalf of Defendant. Further, the Government did not respond to the motion. However, the Court finds that there is sufficient record on which it may deny Defendant's motion.

**2.    FACTS**

Defendant is serving a federal sentence after pleading guilty to robbery and firearms charges in 2018. (Docket #69). Defendant was sentenced by this Court to a total of 116 months in prison. (*Id.*) Defendant is currently detained at Federal Correctional Institution Sandstone ("FCI Sandstone") in Sandstone, Minnesota. His projected release date is in 2026.

In his motion, Defendant asks the Court to release him from prison because of the effects COVID-19 has had on FCI Sandstone's conditions of confinement. (Docket #85). Specifically, Defendant alleges that modified operations at FCI Sandstone have resulted in Defendant receiving less

outdoor and exercise time, limited access to rehabilitative programming, inhumane housing (e.g., overcrowding), no visitation, and an inability to attend to his spiritual needs. (*Id.*) Defendant also states that he was diagnosed with and has recovered from COVID-19. (*Id.* at 3).

As of October 5, 2021, FCI Sandstone reports that no inmates and no staff members have active cases of COVID-19.[1] One inmate death has been reported, and 594 inmates and 54 staff have recovered from the virus.[2] Further, FCI Sandstone is reporting that 122 of its staff and 722 of its inmates have been *fully* vaccinated.[3]

### 3. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what

---

[1] Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Oct. 5, 2021).

[2] *Id.*

[3] *Id.*

constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4.  **ANALYSIS**

The outbreak of COVID-19, together with underlying medical conditions that place a defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). Defendant does not allege that he suffers from any health conditions that would increase his risk of severe illness if combined with COVID-19. Instead, Defendant bases his motion on conditions general to all inmates at FCI Sandstone. This is not enough.

Since Defendant filed his motion, the risk calculus has changed significantly given the introduction of several very effective and increasingly widely available vaccines that inoculate against COVID-19. Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-

19 vaccine for all individuals aged 16 years and older.[4] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020, with great success.[5] Quickly, it is becoming well-settled law in the Seventh Circuit that, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210, 2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

Vaccination at FCI Sandstone is well underway. And, while the Court does not know Defendant's vaccination status, even where "[t]he available medical records do not indicate that [a defendant] has himself been vaccinated . . . federal courts recently have held that the deployment of the vaccine by the BOP significantly mitigates the assessment of risk." *United States v. Collins*, No. 17-20360, 2021 WL 869651, at *5 (E.D. Mich. Mar. 8, 2021). At this time, without evidence that Defendant is "unable, medically or otherwise, to receive the vaccine," the Court finds that he has not presented an extraordinary and compelling reason warranting his early release. *Sullivan*, No. 20-2647, 2021 WL 3578621, at *2; *see also United States v. Bowie*, No. 07-CR-123, 2020 WL 7629451, at *4 (E.D. Wis. Dec. 22, 2020)

---

[4]FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[5]*See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

("In the context of the COVID-19 pandemic, courts have found that modification may be warranted if the prisoner demonstrates that he is particularly vulnerable to the virus based on his age, health status, or other specific circumstances; courts have tended to deny compassionate release requests based on general concerns about possible exposure in prison.").

Defendant may wish to challenge his conditions of confinement. A motion for compassionate release under Section 3582 is not the proper vehicle to do so. *United States v. Wilkerson*, No. 118CR00215TWPDLP, 2021 WL 2401961, at *4 n.5 (S.D. Ind. June 11, 2021) ("[The defendant] also highlights several issues related to the conditions of confinement . . . . While such allegations might conceivably support a civil action . . . they do not, however, constitute an extraordinary and compelling reason that warrants releasing her from incarceration more than 1 ½ years early.").

5. **CONCLUSION**

Defendant has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's motion for compassionate release, (Docket #85).

Accordingly,

**IT IS ORDERED** that Defendant Karl Schneider's motion for compassionate release (Docket #85) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge